IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,629-01






EX PARTE TERRANCE THOMPSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008-216 IN THE 421ST DISTRICT COURT


FROM CALDWELL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to three counts of
possession with the intent to deliver a controlled substance and was sentenced to fifteen years'
imprisonment on each count. He did not appeal his convictions.

 Applicant contends, among other things, that his plea was rendered involuntary and that his
sentences are illegal. On November 9, 2011, we remanded this application to determine whether trial
counsel's failure to discover that the convictions alleged as punishment enhancements were not final
was deficient and whether Applicant would have insisted on a trial had counsel informed him that
his punishment could not have been enhanced. On remand, the trial court found that counsel's
conduct was deficient and that Applicant might have insisted on a trial had he known that his
punishment could not have been enhanced. We now believe that the record should be further
developed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52 (1985). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether
Applicant had felony convictions other than those alleged in the indictment that could have been
used to enhance his punishment. The trial court shall also make findings and conclusions as to
whether Applicant will be prejudiced if counts one and two are set aside and the remainder of the
plea agreement is preserved, and whether the State wishes to accept a modified plea agreement or
have the entire plea undone. (1) The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the plea papers shall
also be returned to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 



Filed: April 18, 2012

Do not publish
1. We have held that the State may "waive an illegal portion of a judgment and maintain
the remainder of the plea agreement." Ex parte Ervin, 991 S.W.2d 804, 817 (Tex. Crim. App.
1999).